IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. NO. 18-00082 JMS-1 |
| | CIV. NO. 22-00423 JMS-KJM |
| Plaintiff, | |
| | ORDER (1) DENYING |
| vs. | DEFENDANT'S MOTION UNDER 28 |
| | U.S.C. § 2255 TO VACATE, SET |
| CHUN MEI TONG, | ASIDE, OR CORRECT SENTENCE, |
| | ECF NO. 160; (2) REFERRING § 2255 |
| Defendant. | MOTION TO THE NINTH CIRCUIT |
| | COURT OF APPEALS; AND |
| | (3) DENYING MOTION FOR BAIL, |
| | ECF NO. 172 |

**ORDER (1) DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255
TO VACATE, SET ASIDE, OR CORRECT SENTENCE, ECF NO. 160;
(2) REFERRING § 2255  MOTION TO THE NINTH CIRCUIT COURT OF
APPEALS; AND (3) DENYING MOTION FOR BAIL, ECF No. 172**

## I.  BACKGROUND

On September 6, 2019, Defendant Chun Mei Tong ("Defendant") was

convicted by a jury on five counts of wire fraud in violation of 18 U.S.C. § 1343

and three counts of aggravated identity theft in violation of 18 U.S.C.

§ 1028A(a)(1).  *See* ECF Nos. 2, 88.[1]  Defendant was sentenced on January 6,

2020, to a total period of 66-months incarceration and ordered to pay $207,874 in

restitution.  ECF No. 109.  The Ninth Circuit affirmed the court's restitution order

---

[1] Unless otherwise specified, all references to filings in this Order are docketed to Cr. No. 18-00082 JMS-1.

on January 20, 2022.  ECF No. 156.

Defendant sought relief from the court's restitution order in an April 28, 2022 "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" ("First § 2255 Motion").  ECF No. 158. The court denied the First § 2255 Motion, determining that relief from a restitution order cannot be brought by way of § 2255.  ECF No. 159; *see also United States v. Thiele*, 314 F.3d 399, 400 (9th Cir. 2002).

On September 20, 2022, Defendant filed a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody for Ineffective Assistance of Counsel" ("Second § 2255 Motion").  ECF No. 160.  Defendant then filed a "Motion to Amend ECF No. 160" on October 12, 2022, which the court construed as a supplemental filing in support of the Second § 2255 Motion.  ECF Nos. 162 & 163.  In its response, the United States did not address the motion's merits, but instead argued that the motion should be referred to the Ninth Circuit as a second or successive § 2255 motion pursuant to 28 U.S.C. § 2255(h).  ECF No. 166.  The court then requested supplemental briefing on the issue of whether the Second § 2255 Motion should be referred to the Ninth Circuit under § 2255(h).  ECF No. 167.  Both parties submitted supplemental briefing.  ECF Nos. 168 & 174.

After careful consideration, the court determines this court lacks

jurisdiction over the Second § 2255 Motion and refers the matter to the Ninth

Circuit Court of Appeals.

## II.  <u>ANALYSIS</u>

"A petitioner is generally limited to one motion under § 2255, and

may not bring a 'second or successive motion' unless it meets the exacting

standards of 28 U.S.C. § 2255 (h)."  *United States v. Washington*, 653 F.3d 1057,

1059 (9th Cir. 2011).  Section 2255(h) states that:

> A second or successive motion must be certified as
> provided in [28 U.S.C.] section 2244 by a panel of the
> appropriate court of appeals to contain—(1) newly
> discovered evidence that, if proven and viewed in light
> of the evidence as a whole, would be sufficient to
> establish by clear and convincing evidence that no
> reasonable factfinder would have found the movant
> guilty of the offense; or (2) a new rule of constitutional
> law, made retroactive to cases on collateral review by
> the Supreme Court, that was previously unavailable.

But not all second motions brought under § 2255 are "second or

successive."  *Magwood v. Peterson*, 561 US 320, 344 (2010).  Instead, the phrase

is a "habeas 'term of art.'"  *Id*; *see also Jones v. United States*, 36 F.4th 974, 980

(9th Cir. 2022).

First, to be second or successive, a petition must challenge the same

judgment as the earlier petition.  *Magwood*, 561 U.S. at 341–42.  Here, Defendant

has challenged the same judgment in her first and second petitions.

Next, in the Ninth Circuit, "[g]enerally, a new petition is 'second or

successive' if it raises claims that were or *could have* been adjudicated on their

merits in an earlier petition." *Cooper v. Calderon*, 274 F.3d 1270, 1273 (9th Cir.

2001) (emphasis added); *see also United States v. Lopez*, 577 F.3d 1053, 1068 (9th

Cir. 2009); *Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008); *Miranda v. United

States*, 2021 WL 5162008, at *2 (W.D. Wash. Nov. 5, 2021); *Bond v. United

States*, 2018 WL 6039829, at *1–2 (C.D. Cal. June 19, 2018); *United States v.

Cavezza*, 2013 WL 4083367, at *3 (D. Or. Aug. 13, 2013); *Solis v. United States*,

2010 WL 5399223, at *7 (E.D. Cal. Dec. 23, 2010).

     In contrast, "second-in-time petitions based on events that do not

occur until a first petition is concluded" are not second or successive.  *United

States v. Buenrostro*, 638 F.3d 720, 725 (9th Cir. 2011); *United States v. Jackson*,

21 F.4th 1205, 1212 (9th Cir. 2022).  And a second-in-time petition is not "second

or successive" if filed when the issue raised in the second petition would have been

premature if raised in the first petition.  *See Stewart v. Martinez-Villareal*, 523 US

637 (1998).[2]

     In determining whether a claim *could* have been adjudicated on its

merits in an earlier petition, courts ask whether the second claim was ripe at the

---

[2] Another exception applies to 28 U.S.C. § 2254 petitions brought by those in state custody—a habeas petition filed after an initial petition is dismissed based on failure to exhaust state remedies is not second or successive.  *Slack v. McDaniel*, 529 U.S. 473, 487 (2000).  That rule, and the cases cited by Defendant that rely on that rule, have no application to this case.  *See* ECF No. 168 at PageID.2675.

time the first claim was filed. *Buenrostro*, 638 F.3d at 726. And determining

when a claim is ripe "turns on whether the factual predicate existed, not whether

the petitioner knew it existed at the time of his initial habeas petition." *Brown v.*

*Muniz*, 889 F.3d 661, 674 (9th Cir. 2018).

Here, there is no doubt that Defendant's Second § 2255 Motion raises

issues that were ripe at the time that she filed her First § 2255 Motion. First, she

claims that her counsel provided ineffective assistance during her sentencing for

failing to object to the United States Sentencing Guideline loss amount pursuant to

*United States v. Martin*, 796 F.3d 1101 (9th Cir. 2015), and by failing to provide

an independent third-party accounting of the loss amount. Second, she claims that

her conduct did not constitute wire fraud. And third, she argues that her counsel

was ineffective in failing to call an expert in ethics at trial. ECF Nos. 160 & 162.

As is obvious, the factual predicate for each of these claims existed

when the First § 2255 Motion was filed in April 2022. As a result, each claim

"could have been adjudicated on their merits in an earlier petition," making the

Second § 2255 Motion second or successive. *Cooper* 274 F.3d at 1273.[3]

---

[3] Defendant argues that the court "did not have jurisdiction to consider my first § 2255 since the motion only challenged restitution, and therefore, it did not adjudicate that § 2255 on the merits." ECF No. 168 at PageID.2675. But the question is whether the court *could* have adjudicated the Second § 2255 Motion on the merits earlier, not whether the First § 2255 motion *was* adjudicated on the merits.

## III.  CONCLUSION

Ninth Circuit Rule 22-3(a) provides that if "a second or successive" petition or motion, or "an application for authorization to file [such a petition or] motion, is mistakenly submitted to the district court, the district court shall refer it to the court of appeals."  Having found Defendant's Second § 2255 Motion to be second or successive, the Motion is DISMISSED and the Clerk of Court is directed to refer the matter to the Ninth Circuit pursuant to Rule 22-3(a).[4]

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 9, 2023.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*United States v. Tong*, Crim. No. 18-00082 JMS and Civ. No. 22-00423 JMS-KJM, Order (1) Denying Defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence, ECF NO. 160; (2) Referring § 2255 Motion to the Ninth Circuit Court of Appeals; and (3) Denying Motion for Bail, ECF No. 172

---

[4] Because the court has no jurisdiction over Defendant's Second § 2255 Motion, the court DENIES Defendant's Motion for Bail, ECF No. 172.